MIGUEL NORIEGA, Petitioner, *v.* DISTRICT COURT
OF ARECIBO, Respondent.

No. 1291. Argued May 8, 1942.—Decided May 20, 1942.

A. *Reyes Delgado* and P. *Santos Borges* for petitioner. J. *Córdova Rivera* for the intervener María Batista, defendant in the main action.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

In an action of unlawful detainer at sufferance brought by Miguel Noriega against Juan Cortés, Petra Girau, Miguel Borrero, and María Batista, the District Court of Arecibo rendered judgment for the plaintiff and ordered the eviction of the defendants from the house the subject matter of the unlawful detainer, but qualified the judgment and its execution as follows:

> "but it is further ordered that for the effectiveness of the judgment and for its execution plaintiff Miguel Noriega must deposit in this court the sum of $50 at the disposal of María Batista, to be delivered by the clerk of the court to her as soon as this judgment becomes final (*firme*)."

The plaintiff moved for a reconsideration of the judgment and the court, after hearing the parties, denied the same, partially saying:

> "The situation in the present case as understood by us is as follows:
>
> "María Batista was living in concubinage with Rafael Girau. Rafael Girau purchased the same house which is involved in the un-

lawful detainer proceeding from Toribia Girau. He had to give her $50 and he then caused his concubine María Batista to sell a small house belonging to her and in that way succeeded in getting the $50. Thinking that the delivery to her of the instrument received from Toribia constituted a security, he delivered to María Batista the deed *without executing any contract of pledge or mortgage.*

"Rafael Girau died and the strange fact is disclosed that Toribia executes a double sale to the plaintiff. We are inclined to think, although it does not clearly appear from the evidence, that Girau did not pay Toribia the whole of the purchase price and that upon his death she thought herself to be entitled to sell the same to a third person; even though the deed apparently shows a sale for value received.

"María Batista not being an heir of Rafael Girau, she can not set up the question of the double sale, especially since the deed in favor of the plaintiff is recorded and the other is not so recorded.

"Nor could that question be decided in the unlawful detainer proceeding, unless we dismissed the complaint for failure to show that the plaintiff was the owner of the property in question.

"Plaintiff Noriega knew of this $50 credit, which represents an interest held by María Batista in said property, *although no deed whatever was executed.*

"Section 637 of the Unlawful Detainer Act says that the fact that the settler or tenant makes claim for work performed, plants, or any other thing which can not be removed from the property, shall not be an obstacle to his ejectment." (Italics ours.)

The lower court cited the case of *Carrasquillo* v. *Ripoll, Montalvo, Int.,* 56 P.R.R. 301, and concluded by saying:

"No matter how much the trial judge might desire to be convinced that, in the absence of any mortgage lien in favor of María Batista to secure the $50, she is not entitled to claim that amount as a condition for vacating the place, reason and conscience counsel otherwise. It is our opinion that in an action of unlawful detainer there may be determined those minor questions which are generally raised by persons of small means having an interest in the property without being entitled to the possession thereof. The eviction might be decreed and at the same time compensation might be granted for just claims. To compel María Batista to bear the expense of another litigation and to pay for legal assistance would amount to a defeat of her right and to render ineffective any action where small amounts

are involved. The statute could not possibly foresee all the contingencies that might generally arise in Puerto Rico relating to the possession of rural and urban estates.''

In order to review the proceedings had in the lower court, on the ground alleged by petitioner Miguel Noriega that the judgment rendered in the manner above set forth is void and conflicts with the procedure prescribed by the Unlawful Detainer Act, we issued a writ of certiorari and, the lower court having sent up the record, the proper hearing was held with the appearance of the parties.

We realize that the lower court, inspired with the best intention of doing full justice to defendant María Batista, sought to apply the provisions of §637 of the Code of Civil Procedure, §18 of the Unlawful Detainer Act and the decision of this court in the *Carrasquillo* case, supra, to the facts of the case herein. However, neither said provisions nor the decision cited is applicable. The first paragraph of §637 provides as follows:

''Section 637.—The fact that the settler or tenant makes claim for work performed, plants, or any other thing which can not be removed from the property, shall not be an obstacle to his ejectment.''

In the *Carrasquillo* case, *supra,* apart from a matter of procedure relating to the right of intervention, the essential question involved was the construction of §1461 of the Civil Code in connection with the rights of a lease to the fruits of an estate sold prior to the termination of the lease.

As may be seen, there is no fact in the present case to warrant the judgment rendered by the lower court relying either on §637, *supra,* or on the *Carrasquillo* case. The defendant did not have on the property involved in the proceedings any work or crop or any other thing that could not be separated from the estate. Nor did the defendant hold a contract of lease to expire by virtue of the sale of the property and in which she had fruits to be gathered and for

which the purchaser, that is, the plaintiff in the unlawful detainer proceeding and petitioner herein, was bound to compensate her, as was held in the *Carrasquillo* case.

Petitioner Miguel Noriega can not be made to answer for the payment of the $50-claim of defendant María Batista which had been pending first against her paramour directly and then against his estate, as the fact that he knew that said sum was owed to the defendant, as stated by the lower court, is not sufficient to compel him to pay the same. ■ Moreover, the special unlawful detainer proceeding is not the proper one for the consideration and determination of a claim for the recovery of money by a person who is the possessor at sufferance of a house. ■ The lending by María Batista of the $50 to her paramour for the payment of a part of the purchase price of the house without the latter executing a lien thereon to secure said loan did not confer on her any interest in the property. Act No. 10 of 1921 (Laws of 1921, p. 112) was precisely enacted to afford adequate and inexpensive relief in such kind of small claims like that of María Batista in which, because of the smallness of the sum involved, to compel her to bring another action would amount to a defeat of her rights.

The qualified judgment of the lower court is clearly erroneous and was rendered without jurisdiction of the matter involved in the condition imposed on petitioner herein and, therefore, the petition is sustained, the judgment rendered by the District Court of Arecibo on March 26, 1942, is set aside, and the original record in case No. 4059 is remanded to said court with directions to enter the proper judgment in accordance with the facts proved and with the law.

Mr. Justice Travieso did not participate herein.